## BAKER *vs.* APPLETON.

Where the verdict, on a trial in this court, is for a greater sum than was given in the court below, the court, on a hearing as to costs, will not go out of the record to ascertain whether the damages, though apparently increased, are in truth diminished as to the principal sum in dispute. and the apparent increase occasioned only by the accumulation of interest.

In this action, which was for a partial breach of the covenant of good right to sell, &c. in a deed of conveyance, the plaintiff had judgment in the court below, at *March* term 1823, for two hundred dollars ; from which the defendant appealed ; and at the last *November* term the plaintiff had a verdict and judgment in this court for two hundred and twelve dollars and eighty-five cents;—and the question was, whether the damages were reduced in this court, within the meaning of the *Stat.* 1822, *ch.* 193, so as to confine the plaintiff to the taxation of single costs only.

*Longfellow*, for the defendant, contended that they were. He said that it must be presumed that the jury in the court below were properly instructed ; and that as the rule of damages in this

Baker *v.* Baker.

case was the amount of so much of the purchase money and interest, as was paid for that part of the land which the plaintiff could not hold ; it would be found, by deducting the interest from each verdict, that the jury in that court had computed the principal sum much higher than in this ; and that as the proportional value of the land lost was in reality the subject of dispute, the defendant had in effect succeeded in reducing the damages, within the true intent of the statute. *Kavanagh & al. v. Askins* 2 *Greenl.* 397.

But THE COURT decided otherwise. They said that in the case of *Kavanagh & al. v. Askins*, all the facts appeared on the record, of which they were bound to take notice ; and moreover were strictly subjects of arithmetical calculation. But it was not so here, where the methods by which the different juries proceeded in making up their verdicts could not be known. In cases like the present, the only safe rule is a comparison of the two sums found, and by this rule the plaintiff is entitled to double costs.

*Fessenden* and *Eveleth* for the plaintiff.